UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>            Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>            Respondent. | Case No.  1:22-cv-00728-DAD<br><br>DEATH PENALTY CASE<br><br>ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE, and (2) DENYING CERTIFICATE OF APPEALABILITY |

On June 7, 2022, Paul C. Bolin , a condemned prisoner in state custody proceeding *in pro se* and *in forma pauperis*, filed with the U.S. District Court for the Central District of California a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1991 judgment of conviction and death sentence that was imposed following a jury trial in the Kern County Superior Court. (Doc. No. 1); *see People v. Bolin*, Kern County Superior Court Case No. 41477.

On June 10, 2022, the U.S. District Court for the Central District transferred the case to this court because the conviction being challenged was rendered in Kern County, which is located within the jurisdiction of this court. (Doc. Nos. 3, 4); *see* 28 U.S.C. §§ 1404(a), 2241(d), 2254(a).

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Rule 4 requires a district court to examine the habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition.  *See*

1  *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs,* 695 F.2d 1195, 1198 (9th Cir.1983)) (Rule 4 of the Rules Governing Section 2254 Cases "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated."); *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (same); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998) (Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions).

As noted above, in the pending petition in this action petitioner seeks relief from his 1991 capital conviction and death sentence. The California Supreme Court affirmed petitioner's judgment of conviction and sentence on direct appeal. *People v. Bolin*, 18 Cal. 4th 297 (1998), *as modified on denial of reh'g* (Aug. 12, 1998). The United States Supreme Court denied his petition for writ of certiorari. *Bolin v. California*, 526 U.S. 1006 (1999). Thereafter, the California Supreme Court denied petitioner's state habeas corpus petition on the merits. *In re Bolin*, Case No. S090684.

Petitioner, through counsel, filed in this court a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, wherein he sought relief from his 1991 capital conviction and death sentence. The court denied the federal petition on the merits.[1] *Bolin v. Davis*, Case No. 1:99-cv-05279-LJO-SAB, 2016 WL 3213551 (June 9, 2016). The Ninth Circuit Court of Appeals, on September 15, 2021, affirmed the district court's decision denying federal habeas relief. *Bolin v. Davis*, 13 F.4th 797 (9th Cir. 2021).

Petitioner also filed in this court *pro se* habeas corpus petitions, wherein he also sought relief from his 1991 capital conviction and sentence. Two such *pro se* petitions have previously been dismissed as second and successive. *See Bolin v. Davis*, Case No. 1:17-cv-00985-LJO-SAB, 2017 WL 3537229, at *6 (E.D. Cal. Aug. 17, 2017), *findings and recommendations adopted* (Case No. 1:17-cv-00985-LJO-SAB, Doc. No. 14); *Bolin v. On Habeas Corpus*, No. 1:18-cv-00692-LJO-SAB, 2019 WL 2106174, at *1 (E.D. Cal. May 14, 2019).

---

[1] Pursuant to the Federal Rules of Evidence, Rule 201, the court takes judicial notice of the court records referenced herein. *See United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993) (the court may take judicial notice of court records); *Mitchell v. Cnty. of Contra Costa*, Case No. 21-CV-05014-DMR, 2022 WL 1225015, at *2 (N.D. Cal. Apr. 26, 2022) (same).

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a); *see also Williams v. Taylor*, 529 U.S. 362, 375 (2000).

The instant petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because it was filed after April 24, 1996, the effective date of the AEDPA. *Lindh v. Murphy,* 521 U.S. 320, 327 (1997). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. As noted, the challenged 1991 conviction and sentence arose out of the Kern County Superior Court, which is located within the jurisdiction of this court. Thus, the court is vested with jurisdiction over the petition.

It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (citing *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled on other grounds as recognized by Miller v. Najera,* Case No. 20-17348, 2021 WL 6067003, at *1 (9th Cir. Dec. 20, 2021)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d, at 688. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* (citing *Walton v. Eaton Corp*., 563 F.2d 66, 70 (3d Cir. 1977)). In "assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.*, at 689.

On June 3, 2022, petitioner filed yet another *pro se* habeas corpus petition in this court. *See Bolin v. State of California*, 1:22-cv-00670-DAD-EPG. In that petition, just as in the pending petition in this federal habeas action, petitioner seeks relief from his 1991 capital conviction and sentence in the Kern County Superior Court, asserting that state actors criminally altered and improperly certified the record on appeal in state court such that the state trial court's jurisdiction

to enter final judgment was insufficiently supported and the 1991 judgment of conviction entered against him is void.

In this action filed June 7, 2022, the parties, claims, and relief sought are an exact match of those involved in the federal habeas action filed on June 3, 2022, which is pending before this court.  Accordingly, the instant petition will be dismissed without prejudice, as duplicative of the action filed four days earlier.  *See* e.g., *All Trade, Inc. v. Unwheeled Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991) (district court has discretion to dismiss a duplicative action in favor of the first in time action); *Barapind v. Reno,* 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999) (citing *Alltrade*, 946 F.2d, at 624) ("Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court."); *Sanchez-Chavez v. Ponce*, Case No. 2:21-cv-09087-DSF (MAR), 2022 WL 1433535, at *1 (C.D. Cal. Mar. 15, 2022), *report and recommendation adopted,* Case No. 2:21-cv-09087-DSF (MAR), 2022 WL 1423273 (C.D. Cal. May 5, 2022) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)) (quoting *Crawford v. Bell*, 599 F.2d 890, 892–93 (1979)) (holding that the district court correctly dismissed duplicative portions of the complaint); *see also Jarvis v. Nelson,* 440 F.2d 13, 14 (9th Cir. 1971) (a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Additionally, under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a certificate of appealability from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A); *see also Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see e.g., Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996); *Stewart v. Runnels*, No. CIV S-03-2670 FCD DAD P, 2008 WL 1869659, at *1 (E.D. Cal. Apr. 24, 2008).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S., at 327; *see also Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).  In determining these issues, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. *Miller-El,* 537 U.S., at 336.

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a certificate of appealability should issue if the petitioner can show (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling, and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.  *Slack*, 529 U.S., at 478.

Since the instant petition is clearly a duplicative federal habeas petition, petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Accordingly, the petition initiating this action filed on June 7, 2022 is hereby dismissed without prejudice as duplicative, and the court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 27, 2022**                                             /s/ Dale A. Drozd
                                                                      UNITED STATES DISTRICT JUDGE